1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,      )        No. CR-F-04-5082 REC
                                  )
10                                )        ORDER DENYING PETITIONER'S
                                  )        REQUEST FOR CLARIFICATION
11                 Plaintiff/     )        (Doc. 19)
                   Respondent,    )
12                                )
           vs.                    )
13                                )
                                  )
14 AUBREY LEWIS,                  )
                                  )
15                                )
                   Defendant/     )
16                 Petitioner.    )
                                  )
17 _____    )

18      On April 10, 2006, petitioner Aubrey Lewis, a federal

19 prisoner proceeding in pro per, filed an "Ex Parte Letter to the

20 District Judge Seeking Clarification of the Judge's Edit [sic]".

21      In this communication petitioner contends that, as part of

22 his sentence for bank robbery, this court "ordered" petitioner to

23 participate in and complete the 500 hour Bureau of Prisons

24 Substance Abuse Program.  Petitioner complains that he is not

25 being allowed by the BOP to participate in the program and

26 requests that the court "clarify its directive by forwarding to

                                1

1 the BOP Staff here the courts sentencing directive ...."

2      The court did not "order" that petitioner participate in the

3 substance program.  Rather, in the Judgment in a Criminal Case

4 filed on December 29, 2004, the court "recommended" that

5 petitioner participate in the 500-hour Bureau of Prisons

6 Substance Program.

7      The BOP "has broad discretion over the entire drug-treatment

8 process within the federal corrections system, beginning with

9 determining which inmates ever enter substance-abuse programs."

10 Downey v. Crabtree, 100 F.3d 662, 666 (9th Cir. 1996).  If

11 petitioner believes that the BOP is improperly denying him

12 participation in the program, his remedy is to file a petition

13 for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the

14 district court in which petitioner is confined naming as

15 respondent the warden of the prison.  See United States v.

16 Giddings, 740 F.2d 770 (9th Cir. 1984).  However, before filing

17 such a petition, petitioner must have exhausted the

18 administrative remedies made available by the BOP.  Martinez v.

19 Roberts, 804 F.2d 570 (9th Cir. 1986).

20      IT IS SO ORDERED.

21 **Dated:  April 12, 2006**          **/s/ Robert E. Coyle**
   668554                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26